O’Donnell, J.,
concurring.
{¶ 48} I agree with the majority but write separately to emphasize a point touched ón by the majority opinion that raises, in my view, a matter of serious constitutional concern.
{¶ 49} For at least 17 years, citizens in Toledo have been subjected to an unconstitutional process for issuing arrest warrants unrecognized by those involved in the process of issuing those warrants. Nonetheless, nothing in this record indicates that officers acted in bad faith in seeking the warrant for Hoffman’s arrest, and in accordance with the dictates of the United States Supreme Court, the exclusionary rule is not applicable in these circumstances.
{¶ 50} In this instance, the good-faith exception to the exclusionary rule applies because the Toledo police relied in good faith on errant, but binding, precedent from the Sixth District Court of Appeals upholding an arrest warrant issued by the Toledo Municipal Court without any independent finding of probable cause.
{¶ 51} I write separately to emphasize that the Toledo Municipal Court must amend its process for issuing arrest warrants and' conform to constitutional requirements before issuing a warrant. Members of law enforcement cannot in good faith rely on any warrant issued by the Toledo Municipal Court absent an independent determination of probable cause from a neutral and detached magistrate. New and constitutionally conforming warrants must be obtained in order to conform with the Fourth Amendment, and the outstanding defective warrants can no longer be relied on or acted upon.